From Henry D. Maxwell, Easton, Pa.

---

## Thompson's Estate.

*Wills — Gift to testator's nephew, dead at date of will — Lapse — Act of June 7, 1917.*

Under section 15 (*b*) of the Wills Act of June 7, 1917, P. L. 403, a legacy to testator's nephew, who was dead at the date of the will, does not lapse, but passes to his surviving children, unless the testator directs otherwise in the will.

Exceptions to adjudication. O. C. Phila. Co., July T., 1927, No. 2459.

LAMORELLE, P. J., Auditing Judge.—James J. Thompson died Oct. 31, 1926, leaving to survive him neither widow nor issue, having first made a will, dated

Thompson's Estate.

March 31, 1923, of which he appointed Girard Trust Company executor, to which company letters testamentary were granted Nov. 4, 1926.

After directing the payment of his just debts and funeral expenses, testator gave the residue of his estate to his "nephew, John Lynn, son of my deceased sister, Ann Lynn, now residing near Broad Street and Erie Avenue, in the City of Philadelphia, State of Pennsylvania, and unto his heirs, executors, administrators and assigns forever."

It is admitted that at the time of the execution of the will said John Lynn was dead, and also that he left to survive him a widow and a child, Eleanor Lynn. The question for determination is whether Eleanor Lynn is entitled to the balance shown by the account, or whether the same should be awarded to the next of kin of the testator. The Auditing Judge is of opinion, and so rules, that the daughter is entitled.

Section 15 *(b)* of the Wills Act of June 7, 1917, P. L. 403, provides as follows: "Where any testator shall not leave any lineal descendants who would receive the benefit of any lapsed or void devise or legacy, no devise or legacy made in favor of a brother or sister, or of brothers or sisters of such testator, or in favor of the children of a brother or sister of such testator, whether such brothers or sisters or children of brothers or sisters be designated by name or as a class, shall be deemed or held to lapse or become void by reason of the decease of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue surviving the testator; but such devise or legacy shall be good and available in favor of such surviving issue with like effect as if such devisee or legatee had survived the testator, unless the testator shall in the will direct otherwise."

This section is but a re-enactment of section 2 of the Act of May 6, 1844, P. L. 564, as amended by the Act of July 12, 1897, P. L. 256; and in Minter's Appeal, 40 Pa. 111, a case arising under section 2 of the Act of 1844, it was held that the children of a sister of testatrix were entitled to the legacy given her, although she was dead at the time when the will was written: See, also, Hook's Estate, 10 W. N. C. 140.

Counsel for the next of kin relied on Harvey's Estate, 4 D. & C. 304, but that case is distinguishable from the present case. There the testatrix bequeathed her estate in three equal shares to three cousins, designating them by name. One of the cousins died before the date of the will. It was held that the legacy to the cousin who was deceased at the date of the will lapsed, and it was awarded to the surviving legatees under section 15 *(c)* of the Wills Act. The provisions of section 15 *(b)* of the Wills Act do not apply to cousins, and the court correctly ruled that there was a lapse. . . .

The balance, $1994.12, . . . is awarded to Eleanor Lynn, only child of John Lynn, and payment is so ordered.

*Harry C. Kohlhas, Jr.,* for exceptions.

*William K. Schubert* and *Fell & Spalding,* contra.

HENDERSON, J., Jan. 20, 1928.—A careful examination of the record and of the briefs convinces us that the action of the Auditing Judge is correct and for the reasons given by him. Section 15 *(b)* of the Wills Act of June 7, 1917, P. L. 403, is remedial and should be liberally construed.

The doctrine of Minter's Appeal, 40 Pa. 111, is followed in many other jurisdictions: See 3 Am. Law Reps. 1682.

We must presume that the testator knew the law, and, hence, if he had a doubt as to whether his nephew, John Lynn, survived the execution of the

will, he knew that at least the nephew's children would be substituted under this doctrine.

The exceptions are dismissed and the adjudication is confirmed absolutely.

LAMORELLE, P. J., was absent.